J-S26040-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JUAN MATOS | : | |
| | : | |
| Appellant | : | No. 2367 EDA 2018 |

Appeal from the PCRA Order Entered July 13, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0301811-1986

BEFORE:   PANELLA, P.J., GANTMAN, P.J.E., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.:                    **FILED MAY 29, 2019**

Juan Matos (Matos) appeals from the order of the Court of Common Pleas of Philadelphia County (PCRA court) dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.   After review, we affirm.

In 1988, Matos was sentenced to life imprisonment after being found guilty by a jury of, among other offenses, First Degree Murder.   This Court subsequently affirmed the judgment of sentence and our Supreme Court denied allowance of appeal.   Matos filed his first PCRA petition in 1996, which was dismissed by the PCRA court and we affirmed.   ***See Commonwealth v. Matos***, 747 A.2d 416 (Pa. Super. 1999), ***appeal denied***, 749 A.2d 468 (Pa. 2000).

_____
*   Retired Senior Judge assigned to the Superior Court.

On August 6, 2012, Matos filed a PCRA petition based on the United States Supreme Court's decision in *Miller v. Alabama*, 567 U.S. 460 (2012), decided June 25, 2012 (holding mandatory life imprisonment without parole for those under the age of 18 at the time of their crimes violated the Eighth Amendment), even though he was 24 years old at the time of his offense. The PCRA Court appointed counsel. On August 8, 2012, the PCRA court sent a notice of intent to dismiss the PCRA petition pursuant to Pa.R.Crim.P. 907 and dismissed the petition on November 8, 2012.

On June 13, 2016, Matos filed his third PCRA petition, the one on appeal, this time relying on the United States Supreme Court's decision in *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016). In *Montgomery*, the Court held that *Miller* established a new substantive right that must be applied retroactively in cases on state collateral review. *See id*. at 736.

On April 24, 2018, the PCRA court issued a notice of its intent to dismiss Matos's petition as untimely. After Matos did not respond, the PCRA court dismissed the petition. Matos appealed, claiming (1) his petition qualified under the new constitutional rule for timeliness, and (2) the PCRA court should have granted him an evidentiary hearing and appointed counsel.[1]

---

[1] "Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." *Commonwealth v. Presley*, 193 A.3d 436, 442 (Pa. Super. 2018) (citation omitted).

- 2 -

To address Matos's first issue, we must determine whether his PCRA petition would qualify under one of the exceptions to the PCRA's timeliness requirements. "The timeliness of a [PCRA] petition is jurisdictional." *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). "A PCRA petition, including a second and subsequent petition, shall be filed within one year of the date the underlying judgment becomes final." *Commonwealth v. Graves*, 197 A.3d 1182, 1185 (Pa. Super. 2018) (citation omitted). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

There are three limited exceptions to the PCRA's one-year time limitation set forth in Section 9545:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A PCRA petition seeking to invoke any one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." 42 Pa.C.S. § 9545(b)(2).[2]

Matos is seeking relief based on the United States Supreme Court's decision in **Montgomery** as the basis for his attempt to invoke the new constitutional rule exception under Section 9545(b)(1)(iii). Because a PCRA petition had to filed within 60 days of the date of the **Montgomery** decision, i.e., January 27, 2016, that means Matos's PCRA petition needed to be filed on or before March 25, 2016. Because Matos did not file the instant PCRA petition until June 13, 2016, we lack jurisdiction to consider the merits of his claim based on **Montgomery**.[3]

In any event, even if his petition was timely, Matos was 24 years old at the time of the offense and **Miller** only applies to those defendants who were

---

[2] As of December 24, 2018, Section 9545(b)(2) states that any PCRA petition invoking a time-bar exception must be filed within **one year** of the date the claim first could have been presented. *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 2, effective in 60 days [Dec. 24, 2018]. The amendment applies only to claims arising on or after December 24, 2017.

[3] Matos also claims in his brief that he invoked the timeliness exception under Section 9545(b)(1)(iii) in his PCRA petition by relying on **Alleyne v. United States**, 570 U.S. 99 (2013) (holding any fact that increases mandatory minimum sentence for a crime is considered an element of the crime for fact-finder to find beyond reasonable doubt). However, our Supreme Court has held that **Alleyne** does not apply retroactively to PCRA proceedings. **See Commonwealth v. Washington**, 142 A.3d 810 (Pa. 2016).

under the age of 18 at the time of their crimes. This Court has rejected attempts by PCRA petitioners who attempt to extend the **Miller** application to those whose crimes were committed beyond their 18th birthday. **See Commonwealth v. Furgess**, 149 A.3d 90 (Pa. Super. 2016) (holding that **Miller** did not apply to PCRA petitioner who was 19 at time of his offense).

Last, Matos also claims that the PCRA court erred in denying him an evidentiary hearing or appointed PCRA counsel.[4] Because this petition was not his first, there was no right to counsel. As his petition is clearly untimely, the PCRA court did not abuse its discretion in declining to hold an evidentiary hearing on Matos's serial PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/29/19

---

[4] "There is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." **Commonwealth v. Jones**, 942 A.2d 903, 906 (Pa. Super. 2008). "[S]uch a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion." **Commonwealth v. Mason**, 130 A.3d 601, 617 (Pa. 2015).